WILLIAM STANDLICK, ET AL. *v.* OSCAR DOWNING.

January Term, 1905.

Present:    ROWELL, C. J., TYLER, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 3, 1905.

*Trover—Evidence—Tenant of Mortgagor—Vendee of Mortgagor—Right to Hay Cut After Foreclosure.*

The defendant, as lessee of the mortgagor of a farm, cut hay thereon after the title of the mortgagee became absolute by foreclosure. *Held*, that the plaintiff, who acquired title to the farm from the mortgagee after the decree of foreclosure became absolute, in order to recover for conversion of the hay must show that it was cut after he got title to the farm, or that he purchased the hay with the farm.

TROVER for hay.   Plea, the general issue.   Trial by court at the June Term, 1903, Orange County, *Munson,* J., presiding.   Judgment for the defendant.   The plaintiff excepted.

Neither the lessee of the mortgagor nor any one claiming under her was made a party to the foreclosure suit mentioned in the opinion. The opinion states all that the trial court found in respect of when the hay in controversy was cut.

*David S. Conant* and *Smith & Smith* for the plaintiff.

The lessee of a mortgagor under a lease executed after the mortgage is not entitled, as against the mortgagee, to crops growing on the mortgaged premises at the time of foreclosure. *Lane* v. *King,* 8 Wend. 584; *Howell* v. *Schenck,* 24 N. J. 89; *Rogers* v. *Humphreys,* 4 A. & E. 299; Jones on Mtgs., § 687; *Doward* v. *Geoff,* 40 Ia. 597.

*R. M. Harvey* for the defendant.

The lessee had such an interest in the farm that, unless made a party to the suit of foreclosure, she was unaffected by the decree. 2 Story Eq. 1023; 2 Jones Mtgs. § § 1394-1414; *Emeric* v. *Alvarado,* 90 Cal. 444.

TYLER, J. Trover for a quantity of hay; plea, general issue with notice of a lease; trial by the court. The facts found are that the title to and right of possession of the farm became absolute in the mortgagee July 15, 1902, by virtue of a decree of foreclosure of his mortgage, and that on August 9, 1902, he conveyed the farm to the plaintiffs. The defendant was then in possession under a lease given the March before by the mortgagor, for one year, to Mrs. Downing, who in April sublet the farm to Merritt and Gavlin. The lease was not recorded till May 20. Mrs. Downing was the mortgagor's mother and the defendant's wife. When the mortgagee brought his foreclosure suit he knew that Merritt and Gavlin were in possession of the farm, and that it was claimed that there were leases of the property. The plaintiffs knew of both

leases when they bought the property. They did not attempt to take possession under their deed till August 27, at which time the defendant was in charge of the property for his wife, who had settled with Merritt and resumed possession. The hay in controversy was cut between July 15 and August 27, and on the latter date it was stored in the buildings on the premises.

The burden was on the plaintiff to show that hay was cut upon the premises after August 9, 1902, but he failed to establish that fact which was essential to his right of recovery. Nor was it found that the plaintiff purchased any cut hay with the farm, nor that either the hay that was drawn away at the time it was cut, nor that which was stored upon the premises on August 27th, was cut after the plaintiff's purchase of the farm. No right of action is shown.

*Judgment affirmed.*